FILED
01/12/2017
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

VIRGIL GOODSON,

    Plaintiff,

v.

    Case No.: 5:17-cv-10-OC-37PRL

OS RESTAURANT SERVICES, LLC
a/k/a OUTBACK STEAKHOUSE OF FLORIDA
LLC d/b/a OUTBACK STEAKHOUSE,

    Defendant.

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1367, 1441(a) and 1446, Defendant OS RESTAURANT SERVICES, LLC ("OSRS"), gives notice of removal of the above-styled action filed by Plaintiff, VIRGIL GOODSON ("Goodson"), from the Circuit Court of the Fifth Judicial Circuit, in and for Lake County, Florida, to this Court. As grounds, OSRS states:

1. On or about October 18, 2016, Goodson filed a Complaint against OSRS in the Circuit Court of the Fifth Judicial Circuit, in and for Lake County, Florida. A copy of the Complaint is attached hereto as Exhibit A. The Clerk of that Court assigned this action Case Number 35-2016-CA-001789.

2. Goodson served OSRS with the Complaint on December 22, 2016. OSRS now removes this action to federal court because under the well-pleaded complaint rule, Goodson's Complaint raises a federal question and, therefore, is amenable to removal. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Indeed, in Count V of Goodson's Complaint, Goodson alleges that OSRS violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, et seq., by purportedly failing to "compensate [Goodson] for applicable overtime wages for all hours worked in excess of

forty (40) per week." Complaint at ¶ 86. Goodson further complains that OSRS allegedly continues to violate the FLSA by purportedly intentionally manipulating his time records. Complaint at ¶ 87. It is clear from the face of Goodson's Complaint that Goodson pleads a cause of action that arises under federal law.

3. Additionally, in his prayer for relief, Goodson seeks a declaration "that Defendant has willfully violated the overtime provisions of the FLSA." See Complaint. Goodson also seeks to collect "all unpaid wages," which would include unpaid wages to which Goodson alleges he is entitled in Count V. See id. The question of whether or not Goodson would be entitled to any such relief also arises under federal law.

4. The law is well-established that, while an action under the FLSA may be maintained in a state court of competent jurisdiction, nothing within §216(b) prohibits the removal of such an action to federal court under §1441(a). Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691 (2003).

5. This Court has original jurisdiction over actions brought under the FLSA because they arise under federal law. Therefore, removal of this action is proper under 28 U.S.C. § 1441.

6. Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Goodson's remaining claims, which are brought under the Florida Minimum Wage Act and the Florida Constitution. Moreover, because all of Goodson's claims, both state and federal, involve the same common nucleus of operative facts and transactions, all claims should be adjudicated together before this Court.

7. The removal of this action is timely in that it is made within the 30-day period provided in 28 U.S.C. § 1446(b).

8. Venue is proper in this Court under 28 U.S.C. § 1391(b), §1441(a), and Rule 1.02 of the Local Rules for the Middle District of Florida because the Middle District of Florida


encompasses Lake County, the county in which the alleged claims arose and where OSRS's principal place of business is located.

9. OSRS has provided written notice of the removal to Goodson, and has filed a Notice of Filing Notice of Removal in the Circuit Court of the Fifth Judicial Circuit, in and for Lake County, Florida. A copy of the Notice of Filing Notice of Removal is attached as Exhibit B.

10. Along with this Notice of Removal, OSRS has filed all pleadings that have previously been filed with the Circuit Court of the Fifth Judicial Circuit, in and for Lake County, Florida.

WHEREFORE, OS RESTAURANT SERVICES, LLC, respectfully requests that the above-styled action be removed to this Court and this Court assume jurisdiction over this matter for all further proceedings.

Respectfully submitted this 11th day of January, 2017.

Respectfully submitted,

/s/ Kevin D. Johnson
Kevin D. Johnson
Lead Trial Counsel
Florida Bar No. 0013749
LaKisha M. Kinsey-Sallis
Florida Bar No. 78265
Michael A. Balducci
Florida Bar No. 123741
Thompson, Sizemore, Gonzalez & Hearing, P.A.
One Tampa City Center
201 N. Franklin Street, Suite 1600
Tampa, FL 33602
P.O. Box 639
Tampa, FL 33601
Telephone (813) 273-0050
Facsimile (813) 273-0072
Email: kjohnson@tsghlaw.com
       lkinseysallis@tsghlaw.com
       mbalducci@tsghlaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email on this 11th day of January, 2017 to the following:

Tammy Hammack
Cohen Grossman
350 North Lake Destiny Road
Maitland, Florida 32751
Email: thammack@itsaboutjustice.law

/s/ Kevin D. Johnson
Attorney