**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**VIRGIL GOODSON,**

             **Plaintiff,**

                            **Case No.: 5:17-CV-10-RBD-PRL**

**v.**

**OS RESTAURANT SERVICES, LLC**
**a/k/a OUTBACK STEAKHOUSE OF FLORIDA**
**LLC d/b/a OUTBACK STEAKHOUSE,**

             **Defendant.**
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH**
**PREJUDICE AND INCORPORATED MEMORANDUM OF LAW**

      Plaintiff, VIRGIL GOODSON ("GOODSON"), and Defendant OS RESTAURANT

SERVICES, LLC ("OSRS") (Goodson and OSRS collectively referred to herein as the

"Parties"), by and through their undersigned counsel and pursuant to the Court's Order dated

February 1, 2018, hereby jointly file their Motion for Approval of Settlement and Dismissal

with Prejudice (hereinafter "Joint Motion for Approval") and move the Court to approve the

settlement between them.  The Parties further request that the Court dismiss this matter with

prejudice pursuant to Federal Rule of Civil Procedure 41(a)(ii).  In support thereof, the

Parties submit the following incorporated memorandum of law and state as follows:

**MEMORANDUM**

**A.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

      On or about October 19, 2016, Goodson filed a Complaint against OSRS in the

Circuit Court of the Fifth Judicial Circuit, in and for Lake County, Florida. [Dkt 1].  In his

Complaint, Goodson claimed that OSRS violated the Florida Minimum Wage Act

("FMWA"), Fla. Stat. §§ 448.110 et seq., the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201 et seq., and Art. X. § 24 of the Florida Constitution by allegedly failing to pay

minimum and overtime wages.  [Dkt. 2].  Goodson's Complaint included allegations that

OSRS required him to spend more than 20% of his time performing non-tipped work and/or

employed him in a non-tipped occupation while receiving the tipped wage rate, worked him

off the clock, and failed to pay him overtime. [Dkt. 2].

OSRS removed this action to this Court on or about January 12, 2017. [Dkt 1].

Subsequently thereafter, OSRS moved to dismiss Goodson's Complaint on the grounds that

he failed to state a claim for which relief could be granted.  [Dkt. 5].  More specifically,

OSRS asserted that Goodson could not show that either the FMWA, Florida Constitution or

the FLSA prohibit the use of a subminimum wage to compensate a tipped employee if the

employee's allegedly "non-tipped" duties exceeded 20% of his workday.  [Id.]. OSRS

targeted Goodson's reliance on an isolated provision in the Department of Labor ("DOL")

Enforcement Handbook, which was neither subjected to notice-and-comment rulemaking nor

found in the DOL's own regulations. [Id.].  The Court denied OSRS's motion to dismiss,

rejecting OSRS's position based on the Eight Circuit's opinion in Fast v. Applebee's Int'l.,

Inc., 638 F.3d 872, 877, 880 (8th Cir. 2011) and its finding that the DOL's regulations and

DOL Enforcement Handbook were both entitled to deference as permissible interpretations

of the FLSA. [Dkt. 16].

OSRS answered Goodson's Complaint on May 25, 2017.  [Dkt. 19].  In its Answer

and Defenses, OSRS denied Goodson's claims in their entirety and maintained its position that the so-called "20% rule" could not be a basis of liability here. [Id.]. Additionally, OSRS raised several defenses (some of which were affirmative in nature) to Goodson's claims that he worked in a dual occupation, that he had properly complied with the FMWA's pre-suit demand requirement, that he had not been properly paid for all hours worked, that OSRS acted willfully and not in good faith, and that Goodson used the complaint mechanism available to him to eradicate any purported wage violations. [Id.].

Prior to OSRS answering the Complaint, the Court entered a Scheduling Order, which required, among other things, that Goodson answer certain Court-initiated interrogatories, that the parties serve upon each other certain wage and hour documentation, and that the parties meet and confer to discuss settlement. [Dkt. 12]. The Parties complied with each of these requirements. [See e.g., Dkt. 13, 14, 17]. The Parties proceeded with substantial written and other discovery (namely depositions) and later participated in Court-ordered mediation on December 5, 2017. [Dkt. 21]. Although the Parties were unable to resolve the matter at mediation, the Parties continued their negotiation efforts until they formally settled the case on or about January 30, 2018, which was due in part to the efforts of the mediator who is well-experienced in wage and hours matters. [Dkt. 23]. A copy of the Settlement Agreement and Release (hereinafter "Settlement") memorializing the Parties' settlement is attached hereto as Exhibit A. Pursuant to the Court's Order dated February 1, 2018, the Parties now jointly file the instant motion seeking approval of the Settlement. [Dkt. 24].

## B. ARGUMENT

The Court should approve the Settlement. The Settlement reflects a fair compromise

between the Parties over heavily contested legal and factual issues.  Indeed, as reflected above, OSRS has maintained and continues to maintain that Goodson's claims with respect to the 20% rule lack legal viability.  Further, OSRS has denied the underlying facts supporting each and every one of Goodson's claims and has raised several defenses in attempt to negate or otherwise limit any recovery Goodson would ultimately receive even if he were to prevail on his claims.  Finally, as described in more detail below, the Settlement is fair and reasonable in that it contains no provisions that offend notions of fairness and the amounts to be paid to Goodson's counsel were negotiated separate and apart from those agreed to resolve Goodson's substantive claims.  Based on the foregoing, the Parties' Joint Motion for Approval should be granted.

> **1.   The Parties' Settlement is Fair and Reasonable.**

It is well-established that in order to approve a settlement in this context, the Court must examine the settlement to determine whether it is a "fair and reasonable resolution of a bona dispute" of the claims raised.  Lynn's Food Store, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982).  However, even with that review, approval of a settlement is warranted unless a proposed settlement is obviously deficient.  See Su v. Electronic Arts, Inc., No. 6:05-cv-131-Orl-28JGG, 2006 WL 4792780, *2 (M.D. Fla. Aug. 29, 2006). Indeed, there is a strong presumption in favor of granting approval where the facts demonstrate that the settlement is a fair and reasonable compromise of a bona fide dispute regarding material issues in the litigation.  Id. at *2-3.   Evidence that the Settlement is a fair and reasonable compromise can be readily found here.

In discussing the approval of settlements such as the one presented here, the Eleventh

Circuit has noted that:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354.  In considering the Settlement, the Court should be aware that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution" and should not unnecessarily disturb the strong presumption in favor of settlement in the FLSA context.  See Electronic Arts, Inc., No. 6:05-cv-131-Orl-28JGG, 2006 WL 4792780, at *3. An FLSA settlement may be approved as fair even where plaintiffs receive in settlement substantially less than the amount they originally claimed.  See Rutland v. Visiting Nurse Assoc. of Central Fla., Inc., No. 6:07-cv-1130-Orl-19-19DAB, 2008 WL 3833254, *2 (M.D. Fla. Aug. 13, 2008).

Information revealed during discovery—including the review of the information the Court ordered the Parties to exchange—as well as the risks associated with litigation and the viability of certain defenses, all may cause a plaintiff like Goodson to settle for less than the original amount claimed and are sufficient considerations for the Court to determine that the compromise resolved a bona fide dispute.  See id. (approving FLSA settlement where plaintiffs settled for substantially less than the wages amount initially claimed in their interrogatories); see also Buntin v. Square Foot Management Co., LLC, No. 6:14-v-1394-

Orl-37GJK, 2015 WL 3407866 (M.D. Fla. May 26, 2015).

Here, under the terms of the Parties' Settlement, Goodson will receive $1,750.00 in compromise for all of his disputed claims for unpaid wages and $1,750.00 in compromise for his disputed claims for liquidated damages.  While it is true that Goodson claimed that he was owed $4,520.94 in his Response to Court's Interrogatories to Plaintiff, he acknowledged that he arrived at that calculation by using only an estimation based on payroll records and not any particular record showing the dates and times he was purportedly worked off the clock and allegedly not paid overtime.  [See Dkt. 13].

And, with respect to Goodson's 20%/dual occupation claims calculation, Goodson further acknowledged that he arrived at the estimated amount he was seeking by applying a formulaic approach by which he simply sought the difference between the tipped wage rate he received and the applicable minimum wage for each hour he worked during the entirety of his employment with OSRS.  [See Dkt. 13].  Goodson did not reduce from his calculations those hours for which he was paid full minimum wage while not performing tipped work. Additionally, Goodson's determination that he actually spent more than 20% of his work on each shift was solely based on his best estimate of how much it took to perform each and every task he was required to do as opening, running, and closing side work during any given shift, which admittedly, per Goodson, varied based on a number of factors.  OSRS disputed, through testimony of managers from the restaurant to which Goodson was assigned to work and other documentary evidence, Goodson's estimations.  It is worth noting that Goodson's 20%/dual occupation estimate made up the most substantial part of his estimated damages (1,967.63 hours of a total 2,038.73 hours claimed), which is the most contested aspect of his

claim.

The settlement amount agreed to between the Parties reflects a reasonable compromise of a bona dispute between the Parties as evidenced, in part, by the briefings filed by the Parties at the motion to dismiss phase and deposition testimony of corporate witnesses and Plaintiff.  It also reflects a compromise on the Parties' differing views on potential evidentiary hurdles OSRS believes Goodson cannot clear in establishing the duties performed on each shift, the amount of time spent performing those duties, the dates/hours he allegedly worked off the clock, and the dates/hours he purportedly was not paid overtime. Both counsel for Goodson and counsel for OSRS have both litigated a fair number of these cases and are experienced in assessing the uncertainty that exists in Goodson proving his claims, the likely expense and length of litigating this case through trial/appeal, and weighing the relative strengths and weaknesses of the claims and defenses asserted.  Considering all of the foregoing, the Settlement should be deemed fair.

The Settlement should also be found fair because it does not include provisions such as a confidentiality clause and other provisions that, at times and under certain circumstances, have been deemed inappropriate in FLSA compromises.  See Clarke v. Alta Resources Corp., No. 2:17-cv-276-FtM-99CM, 2017 WL 4958771, * (M.D. Fla. Oct. 30, 2017)(discussing cases).  And to the extent that the Settlement includes a limited release, it still should be found fair because it is sufficiently limited to wage and hour claims under the FLSA, FMWA and/or the Florida Constitution, which would have been compulsory claims to the litigation.  See Landrua v. Worldgate Vacations, LLC, No. 6:16-cv-1866-Orl-37DCI, 2017 WL 2001997, *1 (M.D. Fla. May 11, 2017).

Additionally, Goodson received compensation of $100.00 as consideration for the limited release that is separate and apart from the benefits to which he may be entitled under the FLSA, FMWA and/or the Florida Constitution.  See Middleton v. Sonic Brands L.L.C., Case No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100 as separate consideration for a general release).  Thus, the limited release provision does not render the Settlement unfair or unreasonable. Id.   The same is true of the waiver of future employment clause.  Id. at 4.  As such, the Settlement should be approved.

### 2. The Settlement was not Tainted by the Compromise of Plaintiff's Claim for Attorneys' Fees and Costs.

The Settlement should also be approved because the amount agreed to between the Parties as a compromise for Goodson's disputed claim for attorneys' fees and costs was agreed upon separately and without regard to the amounts to be paid to Goodson for his underlying claims.  See Bonnetti v. Embarq Management Company, 715 F. Supp.2d 1222, 1228.  Under such circumstances, the Court can approve the settlement without separately considering the reasonableness of the fee to be paid to Goodson's counsel unless the Court finds that the settlement does not appear reasonable on its face or there is reason to believe that Plaintiff's recovery was adversely affected by the amount of fees paid to his attorney. Id.; Dyer v. M&M Asphalt Maintenance, Inc., No. 6:15-cv-959-Orl-37KRS, 2017 WL 2298192, at *2 (M.D. Fla. May 26, 2017).

Furthermore, the amounts to be paid for fees and costs reflects a reasonable compromise over disputed issues regarding Goodson's entitlement to the full amount sought for attorneys' fees and costs.  Under the terms of the Settlement, Goodson's counsel will

receive $7,398.00, which reflects payment of actual costs spent in the litigation totaling

$2,398.00 plus payment of $5,000.00 for fees, which only represents a fraction of the actual

time spent litigating the case considering alone the number of depositions taken in this case

(four) and the amount of written discovery exchanged between the parties.

 In addition to paying the sum set forth above to resolve Goodson's disputed claim for

attorneys' fees and costs, OSRS also agreed to pay the full costs of mediation in this matter

totaling $2,338.50, which includes OSRS's share of said costs.

## <u>CONCLUSION</u>

 Because the Settlement is reasonable and fair in all respects, the Parties jointly and

respectfully request that the Court grant this motion and enter an order approving the

settlement and dismissing this action with prejudice.

 Respectfully submitted this 1st day of March, 2018.


| | |
|---|---|
| /s/*Tammy Hammack-Barber* | /s/*LaKisha M. Kinsey-Sallis* |
| Tammy Hammack-Barber | Kevin D. Johnson |
| Florida Bar No. 105976 | Florida Bar No. 0013749 |
| Cohen Law Group | LaKisha M. Kinsey-Sallis |
| 350 North Lake Destiny Road | Florida Bar No. 78265 |
| Suite 300 | Johnson Jackson LLC |
| Maitland, FL  32751 | 100 North Tampa Street |
| Telephone: (407) 478-4878 | Suite 2310 |
| Facsimile: (407) 478-0204 | Tampa, FL 33602 |
| Email:  thammack@itsaboutjustice.law | Telephone: (813) 580-8400 |
| tiina@itsaboutjustice.law | Facsimile: (813) 580-8407 |
| Attorney for Plaintiff | Email: kjohnson@johnsonjackson.com |
| | lkinseysallis@johnsonjackson.com |
| | Attorneys for Defendant |

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to counsel

of record via the Court's CM/ECF system this 1st day of March, 2018.


/s/*LaKisha M. Kinsey-Sallis*
Attorney