## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (herein "Release") is made and entered into by and between VIRGIL GOODSON (herein "Employee") and OS RESTAURANT SERVICES, LLC (herein "Employer") (collectively herein "Parties"). Employee was previously employed by Employer. The Parties desire to settle Employee's purported claims for alleged unpaid wages, which Employee initially brought in the Circuit Court of the Fifth Judicial Circuit, Lake County, Florida, but was later removed to the United States District Court for the Middle District of Florida, Ocala Division, under the caption Virgil Goodson v. OS Restaurant Services, LLC, Case No. 5:17-cv-10-Oc-37PRL (herein "Litigation"). Accordingly, in consideration of the mutual promises set forth below, Employee and Employer agree as follows:

1. The Litigation involves contested issues of fact and law and Employee now wishes to fully and finally compromise and settle his claims against Employer in the Litigation.

2. In entering into this settlement, both Parties acknowledge that they have had the opportunity to conduct certain discovery and to otherwise investigate their claims and defenses in this matter and to assess their relative likelihood of success on the merits. The Parties further acknowledge that, based on their respective assessments of the case as well as the relevant facts and circumstances of this specific case, they have each determined that the compromise reached between them is a fair resolution of a bona fide dispute over heavily contested issues of fact and law.

3. The Parties further acknowledge that all payments referenced in this Release are intended to fully and finally resolve any and all matters between them on terms that are mutually agreeable.

4. By entering into this Release, Employer does not admit to any underlying liability or to any underlying liability of its directors, officers, partners, shareholders, supervisors, employees, representatives, successors, assigns, subsidiaries, affiliates, related entities (including, but not limited to, Outback Steakhouse of Florida, LLC, OSI Restaurant Partners, LLC, and Bloomin' Brands, Inc.), parents, and insurers to Employer. Additionally, Employer neither concedes any position it has maintained at any time during this litigation nor its belief that it is likely to succeed on the merits of this matter. Rather, Employer simply wishes to fully and finally resolve Employee's pending claims in the Litigation to avoid the distraction and cost of further litigation as well as trial should it have been unsuccessful at the summary judgment phase. Plaintiff equally believes in the strength of his case but recognizes the risks associated with trial.

5. Employer promises and obligates itself to perform the following covenants in return for the promises and performance undertaken by the Employee as set out in this Release:

    a.) Employer shall provide Employee with a payment in the gross amount of $10,998.00 (herein "Settlement Amount") divided as follows:

    i) a check to Employee in the amount of $1,750.00 (less all applicable

Employee's Initials: VG

Page **1** of 7

**Exhibit A**

        withholdings) in compromise of all of Employee's disputed claims for unpaid wages;

    ii)    a check to Employee in the amount of $1,750.00 in compromise of Employee's disputed claim for liquidated damages and interest;

    iii)    a check to Employee in the amount of $100.00 as additional consideration for Employee's agreement to forego the claims described in paragraph 6 of this Release; and

    iv)    a check to Cohen Law Group (Tax ID #59-3639510) in the amount of $7,398.00 as consideration for Employee's disputed claim for attorneys' fees and costs incurred in connection with any and all claims made in the Litigation.

b.)    Employer agrees to pay Plaintiff's share of the expense associated with the mediation that occurred on December 4, 2017, before James G. Brown Mediation Services, LLC, which amounts to $1,113.75.

c.)    The sums described above shall be delivered to Cohen Law Group, 350 North Lake Destiny Road, Maitland, FL 32751, within ten business days after the later of the following two events:

    i)    Employer receives the original (not a copy) of this Release executed by the Employee along with a completed (current) W-9 for Cohen Law Group and for Plaintiff; and

    ii)    The U.S. District Court for the Middle District of Florida issues an order that specifically approves this Release or dismisses the case.

d.)    Employer will issue an IRS Form W-2 for the wage payment described in paragraph 5(a)(i) above. Employer shall issue an IRS Form 1099 for the remaining payments described in paragraph 5 above and Employee agrees to provide a W-9 for said remaining payments and that no payments under paragraph 5 shall be made until such tax documents are received by the Employer from Employee.

e.)    Employer shall comply with all other terms of this Release as provided for herein.

6.    Employee promises and obligates himself to perform the following covenants under this Release:

a.)    Acting for himself, his heirs, personal representatives, administrators and anyone claiming by or through him, Employee unconditionally and irrevocably releases, acquits and discharges Employer and its Releasees from any and all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 2601, et seq., Article X,

Employee's Initials: VG

Page 2 of 7

Section 24 of the Florida Constitution, and the Florida Minimum Wage Act, § 448.110, Fla. Stat., or the U.S. Department of Labor's Field Operations Handbook related to unpaid wages, unpaid overtime, off-the-clock work, side-work, tip credit, minimum wage, employee classification, hours worked, dual occupation, tips, or any wage practice Plaintiff believes to be illegal, whether known or unknown, asserted or unasserted, direct or indirect, conditional or unconditional, that Employee may have against Employer or its Releasees arising out of his employment relationship with Employer and having accrued as of the date of this Release, or that any person or entity claiming through Employee may have or claim to have against Employer or its Releasees. Employee agrees that he has received additional consideration as described in paragraph 5(a)(iii) for releasing the claims described herein and that, prior to accepting said consideration, he, in consultation with his attorney, evaluated said claims sought to be released and the consideration to be paid.

    i)    The phrase "Employer" shall mean OS Restaurant Services, LLC. The "Releasees" of Employer shall include its related entities (including, but not limited to, Outback Steakhouse of Florida, LLC, OSI Restaurant Partners, LLC, and Bloomin' Brands, Inc.), as well as the persons or entities who have any of the following past or present relationships to Employer or any of its related entities: directors, officers, joint venture partners, managing partners, shareholders, supervisors, employees, representatives, successors, assigns, subsidiaries, affiliates, parents and insurers.

    ii)    The term "Claims" as used in paragraph 6(a) above shall include lawsuits, causes of action, obligations, promises, agreements, controversies, damages, debts, demands, liabilities, and losses of every kind (including third-party claims for indemnity or contribution against Employer or its Releasees) that arise under one or more of the laws identified in paragraph 6(a) and relate to the specific subject matters described in paragraph 6(a) above. The term "Claims" as used in paragraph 6(a) above specifically includes third-party claims for indemnity or contribution against Employer or its Releasees that arise under one or more of the laws identified in paragraph 6(a) and relate to the specific subject matters described in paragraph 6(a) and shall not only include claims seeking money damages but also claims for injunctive relief, declaratory relief, and any other equitable remedies.

b.)    Employee waives and relinquishes any rights that he may have to claim reimbursement from Employer and its Releasees for attorneys' fees, litigation costs or expenses that he may have incurred in the course of obtaining legal advice on any matter related to Employer. Further, Employee agrees that the amounts agreed to in paragraph 5(a)(iv) of this Release are sufficient to satisfy his disputed claim for attorneys' fees and costs.

Employee's Initials: __VG__

    c.)    Employee agrees to cooperate seeking court approval of this Release and dismissal with prejudice of the claims Employee has filed against the Employer in the Litigation. Employee agrees that he shall be responsible for the preparation of the joint motion seeking approval of the Release and that he will cooperate with Employer in filing any materials that the Court may deem necessary to review or approve the Parties' settlement and this Release. He further agrees to take such action and make such representations as may be required, consistent with the Parties' negotiations and agreements set forth in the Release, to support the approval of this Release, and to cooperate with Employer to modify the Release should the Court require such modification.

    d.)    Employee represents that, other than the Litigation, he has not filed with any court, government agency or other tribunal any pending action, charge, complaint, grievance or arbitration against Employer or any of the Releasees. Employee further represents that he has no claims against Employer that he has not yet asserted in any forum. Employee agrees not to bring any claims, charges, complaints or grievances against Employer or the Releasees regarding any matters covered by this Release or raised in the Litigation and that in the event any such action, charge, complaint, grievance or arbitration is filed on his behalf against Employer or any of the Releasees, he will immediately take all steps necessary to have such action, complaint, grievance or arbitration withdrawn or discontinued with prejudice.

    e.)    As the Parties have agreed that it is in the best interest of the Parties to sever all employee-employer connections with one another, Employee agrees that he will not seek, apply for, or accept reemployment or reinstatement with Employer at any concept/restaurant to which it assigns employees to work at any time after the execution of this Release. Employee agrees that if he violates the provisions of this subparagraph, Employer shall have the absolute right to immediately terminate his employment.

    f.)    Employee shall comply with all other terms of this Release as provided for herein.

7.    The Parties agree that in the event this Release is not approved and/or the case is not ultimately dismissed as contemplated by this Release or the Court rejects the Release as written and proposes modifications that are not mutually agreeable to the Parties, this Release shall be null and void. In such case, the Parties shall be returned to their respective status as of the date immediately prior to the execution of this Release, and the Parties shall proceed in all respects as if the Release had not been executed. The Parties specifically agree that each party's right to move for summary judgment shall not be impaired in the event this Release is not approved and that neither side shall object to the other party seeking approval from the Court to move for summary judgment should this Release not be approved.

8.    Employee agrees that he will not disparage Employer to any person or entity.

        Notwithstanding this provision, the Parties agree that in the event Employee is served with a lawful subpoena, he may provide truthful information within the scope of the subpoena without violating this Release.

9. Employee also agrees not to interfere in any way with Employer's ability to defend itself or resolve claims in any pending litigation asserting one or more of the same claims he has brought in the Litigation by advertising the existence of this Release and its contents, or Employer's decision to settle this case, for the sole reason of encouraging a party to such litigation not to work cooperatively with Employer.

10. Employee agrees that each of the following statements is truthful and accurate:

    a.) Employee is of sound mind and body.

    b.) Employee has sufficient education and experience to make choices for himself that may affect his legal rights.

    c.) Employee has full legal capacity to make decisions for himself.

    d.) Employee is aware that this Release has significant legal consequences.

    e.) Employee has consulted with an attorney of his choice prior to signing this Release and has determined that this settlement is a fair resolution of his claims in this Litigation.

    f.) Employee has decided to sign this Release of his own free will, and his decision to sign this Release has not been unduly influenced or controlled by any mental or emotional impairment or condition.

    g.) Employee is not executing this Release because of any duress or coercion imposed on him by anyone.

    h.) Employee represents that the amounts set forth in his responses to the Court's interrogatories filed on March 23, 2017, were only estimates, and that the amounts to be paid to him under this Release are a fair compromise of all of his disputed wage claims.

    i.) Employee believes he has received sufficient consideration, based on his valuation of the claims he has been asked to forego in this Release, for the Release.

    j.) Employee believes there was no fraud or collusion that took place in the negotiation of this settlement and that the amount he is receiving to satisfy his underlying claims was not tainted by the amounts Employer has agreed to pay to satisfy his disputed claim for attorneys' fees and

costs.

11. Employee represents that he has not sold, transferred, or assigned to a third party any claims that he may have. Employee represents that any claims that he may have are unencumbered and otherwise within his power to dispose of. Employee represents that he does not have any other pending lawsuits, claims, or actions against Employer other than the claims brought in the Litigation or referenced herein.

12. Employee agrees that any and all prior understandings or agreements between Employee and Employer with respect to the subject matter of this Release are superseded by this Release, which fully and completely expresses the entire agreement and understanding of the Parties with respect to the subject matter hereof. Notwithstanding this provision, this Release shall not in any way diminish any obligation, duty or undertaking owed by the Employee to Employer because of any other contract or agreement or law. The rights and releases given to Employer in this Release will be in addition to, and not in place of, any and all other rights held by Employer by virtue of any other contract, agreement or undertaking, and to that extent, the obligations of the Employee survive the execution of this Release.

13. This Release shall not be orally amended, modified, or changed. No change, amendment, or modification to the terms of this Release shall be valid unless such change, amendment, or modification is memorialized in a written agreement between the Parties that has been signed by Employee and by duly authorized officers or representatives of Employer and that specifically references both this Release and the provisions herein that are to be amended, modified, or changed.

14. In the event of a breach of this Release by either party, the other party shall be entitled to seek enforcement of this Release before a state court of competent jurisdiction located in Hillsborough County, Florida or federal court of competent jurisdiction located in Hillsborough County, Florida, and that those state and federal courts shall be deemed to have exclusive jurisdiction and venue over any litigation related to or arising from this Release. This Release shall not be construed to waive any right of removal that may apply to any action filed in state court by either party to this Release.

15. At the conclusion of any litigation or dispute arising out of or related to this Release, the prevailing party shall be entitled to recover any damages that are reasonably related to the breach of the Release including such attorneys' fees and courts costs that may have been incurred. In the event that the provisions of this Release are breached, the non-breaching party may seek damages for the breach without waiving the right to insist on the breaching party's continued fulfillment of all other obligations under the Release.

16. The language of all parts of this Release shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. As used in this Release, the singular or plural shall be deemed to include the other whenever the context so indicates or requires.

Employee's Initials: _VG_ Page 6 of 7

17. Should any provision of this Release be declared or be determined by any court to be illegal or invalid, the remaining parts, terms or provisions shall remain valid unless declared otherwise by the court. Any part, term or provision which is determined to be illegal or invalid shall be deemed not to be a part of this Release.

18. The Parties agree that a true copy of this Release may be used in any legal proceeding in place of the original and that any such true copy shall have the same effect as the original.

**PLEASE READ CAREFULLY BEFORE SIGNING. THIS AGREEMENT INCLUDES A RELEASE OF CERTAIN CLAIMS.**

Executed at _Clermont, Fl_ this _20th_ day of _February_, 2018.

_____     _____
WITNESS                              VIRGIL GOODSON


Executed at _Tampa, FL_ this _1_ day of _March_, 2018.
              place                    date              month

_____     OS RESTAURANT SERVICES, LLC
WITNESS
                                    By: _____
                                    Title: _Sr. Director - Employment_

Employee's Initials: _VG_            Page 7 of 7