## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**VIRGIL GOODSON,**

     **Plaintiff,**

**v.**                                    **Case No: 5:17-cv-10-Oc-RBD-PRL**

**OS RESTAURANT SERVICES, LLC
a/k/a OUTBACK STEAKHOUSE OF
FLORIDA LLC d/b/a OUTBACK
STEAKHOUSE,**

     **Defendant.**

---

### REPORT AND RECOMMENDATION[1]

Upon referral, this Fair Labor Standards Act matter is before the Court on the parties' joint motion for approval of settlement. (Doc. 25). Thus, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act ("FLSA") issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982).

### I.    LEGAL STANDARDS

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946)).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

## II.    DISCUSSION

Under the parties' proposed Settlement Agreement (Doc. 25-1), Defendant will pay a total sum of $10,998 to resolve this matter, to include the following: (1) $1,750 to Plaintiff (less applicable withholdings) in compromise of disputed claims for unpaid wages; (2) $1,750 to Plaintiff for the disputed claim for liquidated damages; (3) additional consideration totaling $100, designated as additional, separate consideration for the release in Paragraph 6 of the settlement agreement; and (4) $7,398 to Plaintiff's counsel for attorney's fees and costs. The parties, who were represented by counsel, agree that this is a fair and reasonable settlement that represents a reasonable compromise of the dispute between the parties.   (Doc. 25, p. 7).

As to the release in Paragraph 6 and the non-disparagement clause in Paragraph 8, I submit that these provisions do not render this agreement unreasonable. These provisions are supported by separate consideration (Doc. 25-1, ¶ 5).   *See Weldon v. Blackwoods Steakhouse, Inc.,* No. 6:14-6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014) (approving settlement

containing general release and non-disparagement agreement where the plaintiff received full compensation of FLSA claim and $100.00 in additional consideration for same); *Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014) (approving FLSA settlement agreement where plaintiff received full compensation and additional consideration for general release, confidentiality, and non-disparagement agreement); *Middleton v. Sonic Brands L.L.C.*, No. 6:13-CV-386-ORL-18, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (when "substantial consideration" is paid to plaintiff beyond the amount arguably due under the FLSA, a general release "does not render the settlement unfair or unreasonable").

With respect to the agreed-to sum for attorney's fee and costs, the parties represent that they were negotiated separately from Plaintiffs' recovery. *See Bonetti v. Embarq Mgmt.Co.*, Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009)). Under the circumstances, I submit that the amount of $7,398 for attorney's fees and costs appears to be reasonable.[2]

---

[2] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness is apparent from the face of the documents.'" *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting *Perez v. Nationwide Protective Servs.*, Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable based on the history of this case, and no challenge to the reasonableness of the award has been made, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiffs' counsel constitutes a reasonable hourly rate in this or any applicable market.

### III.    RECOMMENDATION

Accordingly, and upon due consideration, I **RECOMMEND** that the Court **GRANT** the parties' joint motion for approval of the settlement agreement (Doc. 25), as it is a fair and reasonable compromise of Plaintiffs' FLSA claim.

Recommended in Ocala, Florida on March 21, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy